1  CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
   DIMITRY CHAPOVSKY, ESQ.; STATE BAR NO.: 242405
2
   **THARPE & HOWELL, LLP**
3  15250 Ventura Blvd., Ninth Floor
   Sherman Oaks, California 91403
4  (818) 205-9955; (818) 205-9944 fax
   E-Mail: cmay@tharpe-howell.com
5  E-Mail: dchapovsky@tharpe-howell.com

6  Attorneys for Defendant,
       LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| DONNA BETZ, <br><br> Plaintiff(s), <br><br> v. <br><br> LOWE'S HOME CENTERS, LLC; and DOES 1 through 25, <br><br> Defendant(s). | Case No.: 5:16-cv-01872 JGB (SPx) <br><br> (San Bernardino County Superior Court Case No. CIVDS1606805) <br><br> **PROTECTIVE ORDER** |

Plaintiff DONNA BETZ ("Plaintiff") and Defendant LOWE'S HOME CENTERS, LLC ("Defendant") jointly submit this Proposed Order pursuant to Federal Rules of Civil Procedure, Rule 26(c)(1) limiting the use and disposition of certain information and documents during litigation of this matter.

**Good Cause Statement**

Federal Rules of Civil Procedure, Rule 26(c)(1) states in pertinent part, that the Court, upon a showing of good cause may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c)(1). In the instant matter, Defendant's Confidential Documents (as later defined herein) contain proprietary and confidential trade secret information relating to

Defendant's business practices and its safety protocol. Defendant derives independent economic value from maintaining the confidentiality of the policies and procedures set forth in these Confidential Documents.

Defendant is a retailer in the home improvement industry and has conducted business in California since 1998. The home improvement retail industry is very competitive. As a result of years of investing time and money in research and investigation, Defendant developed the policies contained in the Confidential Documents for the purposes of maintaining the security and accessibility of its merchandise, providing quality customer service, and ensuring the safety of its employees and customers. These policies and procedures, as memorialized in the Confidential Documents, were created and generated by Lowe's for Lowe's, and are used for the purposes of maintaining safety at its stores and creating efficient and organized work environments for its employees. As a result, Defendant is able to minimize the waste of any resources, which is a key factor in generating profitability for its business.

Defendant derives economic value from maintaining the secrecy of its Confidential Documents. If disclosed to the public, the trade secret information contained in Defendant's Confidential Documents would reveal Defendant's internal operations and could potentially be used by competitors as a means to compete for its customers, interfere with its business plans and thereby gain unfair business advantages. If Defendant's safety protocol were revealed to the general public, it would hinder Defendant's ability to effectively resolve and minimize liability claims, and its goal of protecting its customers and employees from theft and other crimes. Unrestricted or unprotected disclosure of such information would result in prejudice or harm to Defendant by revealing Lowe's competitive confidential information, which has been developed at the expense of Lowe's and which represents valuable tangible and intangible assets. An order of the Court is needed in this case to enable the Court to enforce the stipulated agreement between the parties in the event of

violation of such agreement by either party. Accordingly, the parties respectfully submit that there is good cause for the entry of a Protective Order in this case.

The parties having agreed to the following terms governing the treatment of confidential information, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is HEREBY ORDERED as follows:

1. All documents produced or information disclosed and any other records designated as "CONFIDENTIAL" by the Defendant shall be revealed only to a settlement officer, court personnel, Plaintiff, counsel of record in this case, paralegals and secretarial employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. The documents and information designated as "CONFIDENTIAL" and disclosed only in accord with the terms of this paragraph may include, without limitation, documents and information containing Defendant's policies and procedures, as well as personnel records, including disciplinary records, identity, information relating to the processes, operations, type of work, or apparatus, or the production, sales, shipments, transfers, identification of customers, inventories, amount or source of income, profits, losses, expenditures, or any research, development, or any other commercial information supplied by the Defendant in response to Plaintiff's Interrogatories or Requests for Production (collectively, the "Confidential Documents"). Information and documentation considered "CONFIDENTIAL" are subject to protection under Civil Local Rule 79-5 of the U.S. District Court – Central District of California, Rule 26 of the Federal Rules of Civil Procedure, and under other provisions of Federal law.

2. Counsel for Plaintiff shall use all documents and information produced or disclosed by the Defendant solely for the purposes of preparation for and trial of this action. Under no circumstances shall information or materials covered by this Protective Order be disclosed to anyone other than a settlement officer, court personnel, Plaintiff, counsel of record in this case, paralegals and secretarial

employees under counsel's direct supervision, and such persons as are employed by counsel to act as experts in this action. At the conclusion of the proceedings in this action, all documents and information subject to this Order, including any copies or extracts or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the Defendant, at defense counsel's written request.

      3. Prior to disclosure of any documents designated as "confidential" to paralegals or secretarial employees of counsel or Plaintiff, counsel for Plaintiff shall require such employees to read this Protective Order and agree to be bound by its terms.

      4. If counsel for Plaintiff determines that for purposes of this action, documents or information produced by the Defendant and designated as "confidential" must be revealed to a person employed to act as an expert in this action, then counsel may reveal the designated documents or information to such person, after first complying with the following:

      (a) Counsel for the Plaintiff shall have the expert read this Order and shall explain the contents thereof to such expert.

      (b) Counsel for the Plaintiff shall require such expert to sign a copy of this protective order that states: "I have read and understood the terms of this protective order. I further agree to be bound by its terms." Nothing in this paragraph shall be deemed to enlarge the right of Defendant to conduct discovery of any of Plaintiff's experts, except solely with respect to the ability of such expert to protect confidential information and documents from re-disclosure.

      5. In accordance with Local Rule 79-5.1, if a party seeks to file under seal a document which is designated as confidential by the opposing party or a nonparty pursuant to a protective order, that party must do so in accordance with Local Rule 79-5.

      6. The Court's Order is subject to revocation and modification by Order of

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

the Court upon written stipulation of the parties, or upon motion and reasonable notice, including opportunity for hearing and presentation of evidence.

7. Any motion challenging a designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

8. Nothing contained in this Order is intended or should be construed as authorizing a party in this action to disobey a lawful subpoena issued in another action.

9. This Order shall not govern the use of confidential material at trial. That is a matter the parties will need to address with the judicial officer conducting the trial at the appropriate time.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Date: April 18, 2017  _____
                                          HON. SHERI PYM
                                          U.S. MAGISTRATE JUDGE